IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANNA SUZETTE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-0304-CV-W-ODS |
| ) | |
| NORTH KANSAS CITY SCHOOL ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS AND
DISMISSING COUNT III AND DENYING DEFENDANTS' REQUEST FOR COSTS</u>

Pending is Defendants' Motion to Dismiss (Doc. #18). For the following reasons, the motion is granted and Count III is dismissed.

I. Background

Plaintiff was employed with the North Kansas City School District (NKCSD) from 1987 through 2003, teaching in various positions. Plaintiff was employed in part-time teaching capacities by NKCSD over thirteen years as an adult education teacher. For the last three years, Plaintiff was a full-time teacher and taught English to children in grades K-12. On March 25, 2003, Plaintiff was informed NKCSD would not renew her contract for the coming year. On April 4, 2005, she filed this action against NKCSD, as well as various School Board members in their official and personal capacities. Among other claims, Plaintiff alleges Defendants denied her Due Process because she was a tenured teacher under the Missouri Tenured Teacher Act (MTTA). On September 7, 2005, Defendants filed this Motion to Dismiss for failure to state a claim, contending Plaintiff has no protected property right under the MTTA.

II. Discussion

A. Count III

      A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

      While it is true that a contract with a state entity can give rise to a property right protected under the Due Process Clause, and a permanent teacher employed under the MTTA would have a property interest in continued employment protected by procedural and substantive due process, Plaintiff does not qualify as a teacher under the MTTA and therefore is not afforded the Due Process she alleges in Count III.

      Under MTTA, a permanent teacher is defined as a "teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a teacher by the school district . . . except that any teacher employed under a part-time contract by a school district shall accrue credit toward permanent status on a pro-rated basis." RSMo. 168.104(4). A "teacher" is defined as "an employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certification of teachers." RSMo 168.104(7).

      To be included under section 168.104(7), the source of the certification requirement must be the statute, specifically sections 168.011 and 168.081, and not merely a requirement of the school board or employment contract. Mitchell v. Board of Educ. of Normandy, 913 S.W.2d 130, 133 (Mo. App. 1996). Section 168.081 requires "public school" teachers to be certified and Section 168.011 states that "no person shall be employed to any position in a public school until he has received a valid certificate of license entitling him to teach in that position." "Public school" is defined in section 168.011(7) as "all elementary and high schools operated at public expense." Adult education is not necessarily publicly funded, nor is it required to be taught in locations considered public schools. While public schools are often the location of adult education

2

courses, this does not make them part of the public school. Adult education is something other than "teaching" in a public school. The statute requires those teaching in a public school to be certified. However, Plaintiff's employment as an adult educator does not fall into this category.

Plaintiff was employed by NKCSD for more than five years and meets the service requirement of the statute. She was an adult education instructor for thirteen years, followed by three years as an English Language Learners teacher full time for three years. However, Plaintiff did not qualify as a "teacher" as defined under the statute for the thirteen years she was an adult education instructor. Adult education instructors are not regularly required to be certified under RSMo. 168.011 and are therefore not teachers for purposes of the MTTA.

Plaintiff relies heavily on Sealey v. Board of Education, 14 S.W.3d 597 (Mo. 1999). The Court held that a pre-school teacher who had completed five full-time years of employment with the school district was not entitled to tenure because the duties of a pre-school teacher did not include teaching. Id at 599. Further, the Court stated that "cafeteria workers, school bus drivers and adult education teachers" would not be entitled to continuous appointment. Id. at 601. In 2005, the Missouri General Assembly amended the MTTA by adding "certified teachers who teach at the prekindergarten level in nonmetropolitan public school" to the definition of teachers. Plaintiff claims that this addition nullifies the Sealey decision, which also excludes adult education instructors from "teachers." However, the legislature amended the statute to specifically include prekindergarten teachers, and did not disturb Sealey's holding as it applied to adult educators. Thus, Sealey remains good law on this point.

B. Costs and Attorney's Fees

Defendants request attorneys fees and costs but offer no authority for the Court to grant such requests. 28 U.S.C. § 1920 allows cost for the prevailing party in a lawsuit and such costs must be reasonable. In this case, while Defendant has prevailed on this Motion to Dismiss, they are not the prevailing party to the lawsuit. Similarly, the Court knows of no other provision that allows an award of attorneys fees. Therefore,

3

Defendants' request is denied.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Count III is granted. The Court declines to award attorneys fees and costs as requested by Defendants.

IT IS SO ORDERED.

Date: October 31, 2005                    /s/ Ortrie D. Smith
                                                        ORTRIE D. SMITH, JUDGE
                                                        UNITED STATES DISTRICT COURT